# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIMOTHY LAMAR MCLAURIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV27 |
| | ) | 1:03CR14-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy Lamar McLaurin, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 46.)[1] Petitioner was indicted for distribution of cocaine base in violation of 21 U.S.C. § 841, carrying a gun while distributing cocaine base in violation of 18 U.S.C. § 924, and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924, and he pled guilty to the first two charges. Petitioner was sentenced to 250-months imprisonment on the distribution count and a consecutive 60-months imprisonment on the gun charge. He appealed, but his conviction and sentence were affirmed by a judgment entered on September 21, 2005.

In response to the motion, Respondent argues untimeliness under § 2255 and Petitioner has filed his rebuttal. The matter is now before the court for disposition.

---

[1] This and all further citations are to criminal case unless otherwise noted.

## **DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Under subsection one of the portion of § 2255 setting out the limitation period, the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003).

Petitioner filed a direct appeal, but he did not seek a writ of certiorari. The central issue between the parties is when his time for doing so expired. The judgment denying Petitioner's direct appeal was filed on September 21, 2005. A party has 90 days from the "entry" of a judgment to file a petition for certiorari. Sup. Ct. R. 13(1). Respondent contends that September 21, 2005, is the date of the entry

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

of judgment and that Petitioner's time for filing his motion under § 2255 expired 90 days plus one year later on December 21, 2006. Petitioner claims to have delivered his motion to prison authorities for mailing on January 3, 2007. (Docket No. 52 at 3.) If Respondent's calculations are correct, the motion is out of time.

Petitioner views events differently. While he acknowledges that the judgment in his appeal was filed on September 21, 2005, he states that the mandate did not issue until October 16, 2005. He believes that October 16, 2005, should be the date used as the starting point for the 90-day period to seek certiorari and that he consequently had until January 14, 2007, to file his motion under § 2255. As an alternative argument, Petitioner also points out that he had 14 days to file for a rehearing or a hearing *en banc* following the filing of the judgment.[3] He asserts that, if he is not entitled to the time it took for the mandate to issue, he is at least entitled to have the 14 days added. He calculates that this would have extended the time for filing to January 3, 2007, - the day he did file.

The court cannot accept Petitioner's methods of calculation. His use of the time it took for the mandate to issue is contrary to calculations used by the United States Supreme Court. In *Clay*, the Court noted that the normal time for filing a petition for certiorari is "90 days after the entry of the Court of Appeals' judgment . . . and 69 days after the issuance of the appellate court's mandate." 537 U.S. at 525. Thus, according to the Supreme Court, the "entry" of the judgment described in § 2255 is the filing of the judgment and the mandate is a later event.

---

[3] Petitioner did not seek rehearing or an *en banc* hearing.

The conclusion in *Clay* also counsels against considering the time for Petitioner to seek rehearing or an *en banc* hearing as not being part of the certiorari period. The timing of the issuance of a mandate is based on the expiration of the time for seeking rehearing, plus seven days. FED. R. APP. P. 40(a)(1) and 41(b). If the running of the 90-day period for seeking certiorari is not delayed until the mandate is issued, there is no logical reason to delay it for any of the shorter periods on which the timing of the mandate is based. Furthermore, the Supreme Court in *Clay* did not delay the beginning of the 90-day period for any reason but counted it as beginning with the filing of the judgment in the underlying appeal.[4] This court will not stray from that method of calculating the timing of the 90-day time for filing a petition for certiorari, but will use the method relied on by Respondent. For this reason, Petitioner's motion is not timely under subsection one of § 2255. Only if another subsection gives Petitioner more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion; therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[4] In fact, Petitioner cites to no court that has used his calculation methods following *Clay*.

newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right and this subsection does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at the time of his conviction and sentence. This subsection also does not apply and Petitioner's motion is untimely.

Petitioner makes one final effort to salvage his motion by arguing for equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2$^{d}$ Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights.

-5-

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

Petitioner states that he was transferred to a new prison during the fall of 2006. He claims that "[b]eing separated from his legal materials during his transfer and having to acclimate to a new prison, one that's [sic] prison 'law library' was not yet fully operational, certainly impeded his ability to file his petition before the last minute." (Docket No. 52 at 5.) This statement is insufficient for several reasons. First, separation from legal papers does not entitle a prisoner to tolling, at least in the absence of due diligence. *Akins*, 204 F.3d at 1089-90. Second, Petitioner fails to set out the exact dates of his transfer or the specific amounts of time that the prison transfer cost him so that the court can determine whether any delay made a difference in his case. His claims are too vague and conclusory to merit relief.

Finally, and most important, Petitioner's statement that the transfer impeded his ability to file "before the last minute" is significant because it points to his lack of

-6-

diligence. While the transfer may have affected his ability to file for a few days in the fall of 2006, this does not explain why he did not file during the remainder of the one year and 90 days that passed following the denial of his appeal. A full year elapsed between the entry of the appellate judgment in Petitioner's case and the prison transfer sometime in the fall of 2006. He did not file during that year, but instead waited until the last minute, when the problems he complains about allegedly arose. This does not show the due diligence required for equitable tolling under *Pace*. Petitioner is not entitled to equitable tolling and his motion should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 49) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 47) be **DENIED,** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
May 25, 2007