IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIMOTHY LAMAR MCLAURIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 1:03CR14-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the "Motion to Enforce Specific Performance of the Plea Agreement where the Government Refusal to Move for a Sentence Reduction Based on Substantial Assistance are not Rationally Related to any Legitimate Government End which Entitles Defendant to Relief" (Doc. 66) filed by Timothy Lamar McLaurin ("McLaurin"), a federal prisoner proceeding pro se. McLaurin's motion asks the court to enforce oral agreements between McLaurin and Government prosecutors that, he contends, entitle him to a sentence reduction for substantial assistance under Federal Rule of Criminal Procedure 35(b). For the reasons stated below, the court concludes that the proper procedural vehicle for seeking a sentence reduction based on substantial assistance is a motion under 28 U.S.C. § 2255. Ordinarily, the court would convert McLaurin's motion to one under section 2255

and consider it at this stage.  However, because McLaurin has combined claims in his motion that are successive and which the court cannot hear without approval of the Fourth Circuit, the court would then be compelled to dismiss the full submission as successive.  Thus, McLaurin will be granted 30 days within which to amend or withdraw his motion; otherwise, the court will convert McLaurin's motion to a habeas petition under 28 U.S.C. § 2255 and dismiss it as successive.

I.  **BACKGROUND**

McLaurin's motion represents the latest attempt in his efforts to overturn his criminal conviction and sentence. McLaurin's present criminal troubles began with his arrest and the subsequent filing of a three-count indictment against him in January 2003.  (Doc. 11.)  Prior to trial, McLaurin pleaded guilty to distributing crack cocaine and knowingly carrying a firearm during a drug trafficking crime.  (Doc. 23.)  At a sentencing hearing on November 24, 2003, McLaurin was sentenced to 250 months imprisonment on the distribution charge, 60 additional months of imprisonment to run consecutively on the carrying a firearm charge, and five years of supervised release. Judgment was entered on December 10, 2003.  (Doc. 34.)

McLaurin appealed the court's sentence on December 15, 2003, arguing, through his counsel, that the district court erred by denying his motion for a downward departure during

sentencing, and, in a pro se brief, that his counsel was ineffective, that the Government breached the terms of his plea agreement, and that the indictment was insufficient. The United States Court of Appeals for the Fourth Circuit rejected McLaurin's arguments and affirmed the district court's sentence in an unpublished per curiam opinion filed on September 21, 2005. (Doc. 45.)

Approximately fifteen months later, on January 9, 2007, McLaurin filed a motion to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code. (Doc. 47.) In that motion, McLaurin contended that he was entitled to relief from his sentence due to his counsel's ineffectiveness during the district court proceedings. According to McLaurin, his attorney failed to contest that the factual basis was insufficient to sustain his guilty plea, failed to argue that United States v. Booker, 543 U.S. 220 (2005), prohibited the district judge from making findings of fact about his prior criminal convictions when sentencing him as a career criminal, and falsely led him to believe that he would be sentenced to a maximum term of 15 years imprisonment by pleading guilty. (Id.) The Magistrate Judge recommended dismissing the habeas motion because it was filed after the deadline authorized by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 105, 110

3

Stat. 1214, 1220 (codified at 28 U.S.C. § 2255 (2006)).  (Doc. 53.)  The district court adopted the Magistrate Judge's recommendation in an order dated July 26, 2007.  (Doc. 56.)

McLaurin now moves this court to enforce alleged oral and written provisions in his plea agreement that, McLaurin contends, entitle him to a sentence reduction based on substantial assistance that he purportedly provided to the Government.  (Doc. 66.)  The court has not ordered a response from the Government, and it has not filed one.

**II. ANALYSIS**

McLaurin bases his entire argument on the premise that the Government has engaged in bad faith breaches of his plea agreement for failing to move for substantial assistance under Rule 35(b).[1]  However, pro se prisoner petitions should be construed liberally, see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010), and McLaurin identifies several oral agreements with the Government – both before and after his guilty plea – that, he contends, entitle him to a reduced

---

[1] McLaurin's plea agreement specifically provides that the "government makes no promises or representations that he will receive the benefit of a motion for downward departure, pursuant to 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure."  (Doc. 23 at 5.)  The copy of the plea agreement that McLaurin attached to his motion, however, has the statutory and rule citations marked through with black ink.  (Doc. 66-1 at 5.)  The court's original copy of McLaurin's plea agreement will control, and the court reaches no conclusion at this time (and leaves for another day the question) whether the marked up document reflects any attempt to mislead the court.

4

sentence. Because the effect of the court's resolution of McLaurin's motion differs depending on when the alleged agreements were made, the distinctions between the allegations are important.

McLaurin first argues that the court should enforce an oral promise made by the Government after his arrest concerning a sentence reduction based on substantial assistance. According to McLaurin, "the government specifically orally promised defenant [sic] in the presents [sic] of his previous attorney after his arrest that if he cooperated he would obtain a sentence reduction pursuant to a motion for sentence reduction based on Substantial Assistance." (Doc. 66 at 3.) McLaurin contends that he complied with that oral agreement by providing information about individuals involved in various drug trafficking transactions, robberies, and weapons sales. (Id. at 4.) This cooperation, he argues, entitles him to a reduced sentence under Rule 35(b).

McLaurin next identifies a series of agreements that he made with law enforcement officers in 2007 that again involved promises of a reduction in his sentence based on substantial assistance. Specifically, McLaurin alleges that two Durham Police Department investigators "debriefed" him regarding an ongoing murder investigation and, in return, "promised a sentence reduction based on the substantial assistance that he

5

provided." (Id. at 4.) McLaurin also states that during this period he provided information to federal agents concerning "drug activities and robberies," putting his safety at risk in the process. (Id. at 4-5.)

Finally, McLaurin claims that Assistant United States Attorney Mike James ("AUSA James") told him in 2009 that if he testified against Donald Shealey,[2] McLaurin would receive "a motion for sentence reduction based on the substantial assistance that he have [sic] provided to the government pursuant to Rule 35."[3] (Id. at 5.) McLaurin represents that he did, in fact, testify and that Shealey was convicted based on his testimony at trial. Arguing that the Government has acted in bad faith by failing to fulfill its bargains, McLaurin now asks the court to enforce these agreements by compelling the Government to file a motion for substantial assistance under Rule 35(b).

Rule 35(b) permits a prisoner's sentence to be reduced more than one year after sentencing if the prisoner provides "substantial assistance" to a Government investigation and the Government moves for a sentence reduction. Fed. R. Crim. P.

---

[2] McLaurin does not identify Shealey, the charges brought against him, or where he was tried, but apparently Shealey was a defendant in a criminal trial.

[3] McLaurin also notes that he agreed to testify against Tyrone Lawrence and Jamal Watson in an apparently related matter, but that his testimony became unnecessary when Watson pleaded guilty.

6

35(b)(2). By its terms, only the Government may bring a motion for a sentence reduction under Rule 35(b). United States v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996). District courts do have the authority to review the Government's decision not to bring a motion under Rule 35(b) to determine if the decision was based on an unconstitutional motive such as race or religion or was not rationally related to a legitimate governmental end. See Wade v. United States, 504 U.S. 181, 185-86 (1992).[4] Yet once a prisoner's sentence has been finalized, some courts have held that the proper procedural vehicle for complaining about the Government's failure to file a motion under Rule 35(b) is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.[5] See United States v. Richardson, 558 F.3d 680,

---

[4] McLaurin disavows any race or religion basis for the Government's inaction in this case. (Doc. 66 at 9.)

[5] In the absence of controlling guidance to the contrary from the Fourth Circuit or the United States Supreme Court, the court finds this reasoning sound. As the Supreme Court has recognized, federal courts have no authority to hear cases unless jurisdiction is conferred by Article III of the Constitution or the statutes authorized by Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Congress has expressly provided that no court may modify a federal prisoner's sentence unless the Director of the Bureau of Prisons makes a motion, Rule 35 or some other jurisdiction-conferring statute applies, or, in limited circumstances, the sentencing range for a crime has been lowered. 18 U.S.C. § 3582(c). The Director of the Bureau of Prisons has not made a motion in this case, and McLaurin's sentencing range has not been reduced in a way specified in section 3582(c)(2). Rule 35, meanwhile, permits a court to correct a sentence within 14 days of its entry or, thereafter, only upon the Government's motion. Fed. R. Crim. P. 35. Since the Government has not moved for a reduction in McLaurin's sentence based on substantial assistance, the proper way for him to challenge his sentence is a motion to vacate, set aside, or correct a sentence under

7

681-82 (7th Cir. 2009) (construing prisoner's motion under Rule 35(b) as a habeas motion under section 2255); United States v. Pierce, 120 F.3d 263, 1997 WL 471057, at *2 (4th Cir. 1997) (per curiam) (unpublished table decision) (holding that a prisoner's argument for a sentence reduction based on substantial assistance should have been construed as a section 2255 motion).[6] But see United States v. Dais, 308 F. App'x 677, 677-78 (4th Cir. 2009) (per curiam) (unpublished) (analyzing prisoner's argument that the Government breached its plea agreement by failing to bring a motion under Rule 35(b) without addressing section 2255 or Pierce). Here, McLaurin's motion for a sentence reduction based on substantial assistance that he has provided to the Government is clearly a collateral attack on his underlying sentence. As a result, his motion must be brought as one under section 2255 rather than Rule 35(b).

**A.  McLaurin's Pre-Sentence Assistance**

This decision has different implications for the various agreements that McLaurin purportedly entered into with Government officials. McLaurin's first alleged agreement, for example, which he says took place prior to his sentencing, would

---

28 U.S.C. § 2255, which permits an individual in federal custody to collaterally attack his underlying conviction or sentence, United States v. Pettiford, 612 F.3d 270, 277 (4th Cir.), cert. denied, 131 S. Ct. 620 (2010).

[6] Unpublished opinions of the Fourth Circuit are not precedential and are cited as persuasive but not controlling authority.

8

be a second or successive motion under section 2255 because it raises facts and arguments that were known to McLaurin at the time of his first section 2255 motion in 2007. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (explaining that proffers of additional evidence generally demonstrate that a prisoner is raising a second or successive section 2255 motion). And where, as here, a prisoner has already filed one motion to vacate, set aside, or correct a sentence under section 2255, the AEDPA prohibits a prisoner from filing a second or successive motion without obtaining permission from the appropriate circuit court of appeals. In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc). Accordingly, McLaurin must obtain certification from the United States Court of Appeals for the Fourth Circuit before this court may consider his motion for a sentence reduction based on the purported oral agreements that he reached with the Government prior to his sentencing.

B.  **McLaurin's 2009 Agreement with Federal Prosecutors**

McLaurin's purported 2009 agreement with AUSA James for a sentence reduction based on substantial assistance for testifying against Shealey requires a different resolution.[7] As

---

[7] As for McLaurin's purported 2007 agreement with Durham police officers, the motion fails to specify when the agreements were reached. Because McLaurin's claim lacks specificity, the court cannot determine whether his allegations as to those purported agreements are claims that should have been raised at the time of his first section

9

noted above, the proper procedural vehicle to compel the Government to move for a sentence reduction in return for substantial assistance is section 2255. Richardson, 558 F.3d at 681. McLaurin has already filed one motion to vacate, set aside, or correct his sentence under section 2255, but it is well settled that "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (ruling in the context of a motion under section 2254); see also United States v. Person, 436 F. App'x 278, 279 (4th Cir. 2011) (per curiam) (unpublished) (applying Williams's language to a motion under section 2255). A motion under section 2255, for example, is not "second or successive" where the factual allegations underlying the motion arose after the disposition of a prior motion under section 2255. United States v. Grant, 493 F.3d 464, 468 n.3 (5th Cir. 2007); Scott v. United States, 761 F. Supp. 2d 320, 325 (E.D.N.C. 2011). Here, the factual allegations underlying McLaurin's substantial assistance claim

---

2255 motion, see United States v. Harrison, 55 F. App'x 193, 194 (4th Cir. 2003) (per curiam) ("Because [petitioner] only raises claims that are identical to those raised in his first habeas petition or that could have been raised in that petition, [petitioner's] Rule 60(b) motion was actually a successive habeas petition under 28 U.S.C. § 2255."), and, thus, would require leave from the United States Court of Appeals for the Fourth Circuit before they may be brought in this court, In re Vial, 115 F.3d at 1194-95. Therefore, if McLaurin chooses to re-file the 2007 portion of his motion as a section 2255 motion, he will need to clarify if the purported agreements were reached after his first motion under section 2255 or, if not, petition the Fourth Circuit for a certificate of appealability.

10

related to his testimony against Shealey arose after his initial motion under section 2255, which was brought in 2007. (Doc. 47.) Thus, at least the portions of McLaurin's present motion that raise claims concerning promises purportedly made in 2009 are not "second or successive" under the AEDPA.

C.  **Further Directions**

The court's decision to construe McLaurin's present motion as one under section 2255 has different effects on the different claims he raises. However, the court cannot consider the merits of any of McLaurin's claims in their present form because the court may not re-characterize a pro se litigant's motion under a Federal Rule of Criminal Procedure as a section 2255 motion without first indicating the court's intent to do so, warning the litigant of the potential consequences of the re-characterization, and giving the prisoner an opportunity to amend or withdraw his motion. See Castro v. United States, 540 U.S. 375, 377 (2003). Accordingly, the court hereby warns McLaurin of its intention to treat his motion as one to vacate, set aside, or correct his sentence under section 2255.

This presents a choice for McLaurin. As explained above, McLaurin's motion contains certain claims that are second or successive and others that are not. Absent pre-filing authorization from the Fourth Circuit, a district court may not consider motions containing a mix of successive and non-

successive claims.  Winestock, 340 F.3d at 205.  Thus, if McLaurin takes no further action, the court will construe his motion as one under section 2255 and will have to deny it in full as successive.

Or, McLaurin may choose to file an amended motion that omits his foreclosed claims.  In re Williams, 444 F.3d at 237. Of course, he should be aware that whether he chooses to file a revised motion under section 2255 or if he takes no action whatsoever, both options give rise to the potential consequences attendant to a motion to vacate, set aside, or correct a sentence under section 2255.  Those include the fact that McLaurin will lose the ability to challenge any other claim that is not raised in his motion.  Therefore, he is advised that he must include all claims for relief that he wishes to raise (which are not successive), and he should follow closely the instructions provided in the section 2255 forms.[8]

Finally, as to any claim that is successive, as identified herein, McLaurin must first apply to the Fourth Circuit Court of Appeals for an order authorizing this district court to consider

---

[8] In providing these instructions, the court reaches no conclusion on the timeliness or merits of McLaurin's claims.  McLaurin is cautioned that no matter what course he may elect, the statute of limitations for AEDPA claims continues to apply.  Moreover, if McLaurin wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence.  In that instance, of course, he should not use the section 2255 forms.

12

such successive claim, as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

## III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that McLaurin's motion (Doc. 66) is properly construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Consequently, McLaurin is granted thirty (30) days from the date of this Memorandum Order within which to elect to withdraw or amend his motion to remove foreclosed claims and/or add any new claims that he may have. Because any amendment should appear on the proper section 2255 forms, the Clerk of Court is hereby instructed to send McLaurin four copies of new section 2255 forms (more copies will be sent on request) and instructions for completing those forms for his potential use. If, on the other hand, McLaurin takes no action within the thirty day period, the court will convert McLaurin's Rule 35(b) motion into a motion under section 2255 and dismiss it without prejudice under the AEDPA because it contains combined second or successive claims.

IT IS FURTHER ORDERED that the Clerk send McLaurin instruction forms for filing a motion for authorization in the United States Court of Appeals for the Fourth Circuit, should he elect to do so as to any successive claim identified herein.

/s/   Thomas D. Schroeder
                              United States District Judge

December 12, 2011